SCOTT, Appellant, v. HETLAND et al, Respondents.

(213 N. W. 732.)

File No. 6023.    Opinion filed May 5, 1927.)

**Vendor and Purchaser—Time—Court Should Grant Only Minimum Time for Compliance with Decree in Strict Foreclosure, Where Purchaser Does Not Intend to Perform Contract (Rev. Code 1919, §§ 2914-2917).**

Trial court should not, in an action in strict foreclosure of a land contract under Rev. Code 1919, §§ 2914-2917, in which defendant does not deny right to a decree and does not intend to perform contract, grant more than minimum statutory delay of 10 days for compliance, under section 2914, providing that court may grant time for compliance with contract.

Note.—See, Headnote, American Key-Numbered Digest, Vendor and purchaser, Key-No. 299(4), 39 Cyc. 1875.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Suit by John A. Scott against E. J. Hetland and another. Decree for plaintiff awarding named defendant four months in which to comply. From the portion of the decree fixing the time for compliance and from an order denying new trial, plaintiff appeals. Portion of the judgment appealed from reversed, with directions.

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Appellant.
*Waggoner & Stordahl,* of Sioux Falls, for Respondents.

BURCH, J. This action is brought for the strict foreclosure of a contract for the sale of real property under article 3, Civil Procedure (sections 2914 to 2917, inclusive, R. C. 1919). There is no contention that the contract was not entered into, or that defendant was not in default, or that plaintiff was not entitled to a decree. Under color of setting up equities in his favor, defendant Hetland pleaded in his answer the sale of the land to himself and one Conover, for $36,000; the payment of $10,000 on the purchase price; the payment of interest on a first mortgage and on all deferred payments to March 1, 1924; the payment of all taxes, except for the last year; the expenditure of a large amount in permanent improvements of the property; that plaintiff, in selling the farm, represented that it was free from rock, except a few small rocks known as "niggerheads"; that defendant was not familiar with the subsoil, and, after buying, he discovered the land was underlaid with a ledge of granite and for that reason it was not as productive as other lands in that neighborhood, and as a consequence defendant expended annually $500 or $600 more in upkeep than he received as rents; that in 1925 he rented the farm to defendant Swenson for $100 cash and two-fifths of the crop. He then offers and tenders a quitclaim deed to the property, or to allow a decree in favor of plaintiff, if he be given the rents under the lease for the year 1925. The prayer of the answer asks for no relief except that a judgment and decree be rendered in accordance with his offer. The case was tried to the court on the 27th of May, 1925. Among other things the court found that four months was a reasonable time within which defendant should com-

ply with the contract and entered a decree giving defendant until September 27, 1925, to comply with the contract. From that portion of the judgment fixing the time for compliance with the contract, and from an order denying a new trial, plaintiff appeals.

The sole question presented for review is the reasonableness of the time fixed by the court for defendant to comply with the contract. A portion of section 2914, material to the issue, provides:

" * * * The court shall have power to and by its decree shall fix the time within which the party or parties in default must comply with the terms of such contract, * * * which time shall be not less than ten days from the rendition of such decree."

Appellant contends that in strict foreclosure proceeding under the statute the court has power in each case to fix the time in which the defendant shall comply with the contract; that the time given should be reasonable under the facts in each case; that in the instant case there are no equities pleaded or proven, and the legal rights alone are before the court; that defendant Hetland, having definitely stated he would not comply with the terms of the contract, there was no reason for extending to him additional time in which to comply, and that his legal rights ended at the expiration of the ten days fixed by statute as the minimum of time controlling such actions.

In this appellant is clearly right. The time contemplated by the statute is given to enable a defendant to comply with the contract, not to recover a crop. Where the evidence shows no time is needed, no additional time should be given. There was no reason for extending the time beyond the minimum fixed by statute which terminated the legal rights of the parties under their contract. No equities are set up in the answer, the most that can be said of it is that it is an offer to make a new contract or to compromise the pending litigation. The court had no power to accept the offer for plaintiff, and it was error to accomplish the same result by the indirect method employed.

The portion of the judgment appealed from is reversed, with direction to the trial court to amend the judgment fixing the limit of time at ten days.

CAMPBELL, P. J., and POLLEY, J., concur.

GATES and SHERWOOD, JJ., not sitting.